```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

IN RE:

ANNAMARIE D. RIETHMILLER          CASE NO:  8:10-mc-95-T-33EAJ

_____/

### ORDER

THIS CAUSE comes before the Court upon Plaintiff Annamarie Riethmiller's Ex Parte Motion for Temporary Restraining Order (Doc. # 1).  The Court, having reviewed the motion, exhibits filed in support of same, including Ms. Riethmiller's affidavit (Doc. # 2), and being otherwise advised in the premises, concludes that Ms. Riethmiller's Ex Parte Motion for Temporary Restraining Order should be denied.

Although not a model of clarity, Ms. Riethmiller's motion appears to seek an emergency injunction preventing what Ms. Riethmiller refers to as "the 12th Judicial District Court in and for Manatee County" from proceeding in any matter in which Ms. Riethmiller is a Petitioner, Respondent, Plaintiff, Defendant, or Applicant.  Ms. Riethmiller's motion, however, is barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine derives its name from two Supreme Court decisions, Rooker v. Fidelity Trust Co., 263 U.S. 413, 414 (1923), and District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462, 463 (1983).  It "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (citing Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2000)).  The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations.  See Feldman, 460 U.S. at 483 n. 16.  Accordingly, a state litigant seeking review of a state court judgement must follow the appellate process through the appellate process through the state court system.  See Stevens v. Deutsche Bank Nat'l Trust Co., 2009 WL 248239 at *1 (M.D. Fla. Jan. 30, 2009).

   Ms. Riethmiller's claims in this case are exactly the types of claims the doctrine seeks to preclude from federal court review.  Ms. Riethmiller's claims relate to proceedings in the 12th Judicial Circuit Court in and for Manatee County involving her as a party and appear to request this Court to review the various state court proceedings and/or reverse any judgments and or rulings entered against her.  Because any relief in this suit would necessarily challenge the judgment,

2

ruling, or discretion of a circuit court, or at least the decision of a circuit court judge, this action is barred by the Rooker-Feldman doctrine.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Ms. Riethmiller's Ex Parte Motion for Temporary Restraining Order (Doc. # 1) is hereby **DENIED.**

(2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of August, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All parties of Record

3